**Donnell L. SANDERS–EL**

v.

**Stephen SPIELMAN, et al.**

**No. Civ. JFM–97–3785.**

United States District Court,
D. Maryland.

March 24, 1999.

William Michael Jacobs, Columbia, MD, for plaintiffs.

Gloria Wilson Shelton, Baltimore, MD, for defendants.

MEMORANDUM

MOTZ, District Judge.

Plaintiff, an inmate at the Roxbury Correctional Institution, has brought this action against several correctional officers under 42 U.S.C. § 1983. Discovery has been completed, and defendants have filed

a motion for summary judgment. The motion will be denied.

Plaintiff asserts that he was the victim of an unprovoked assault. According to plaintiff (whose deposition testimony is supported by the affidavits of two other inmates), on November 8, 1996, he became embroiled in a verbal dispute with Officer Spielman, one of the defendants, over whether he should be given a "hot tray" or a bag lunch for his noon meal. Plaintiff claims that as he was walking away from the area in which the dispute occurred, Officer Spielman came up behind him, grabbed him by the handcuffs, slammed his face into a glass partition, threw him to the ground, and then kicked and stomped on him. He further claims that two other officers joined Officer Spielman in kicking and stomping on him and that a fourth officer, aware of what was occurring, simply stood with his back turned and his arms crossed. As a result of the incident, plaintiff allegedly suffered bruises, a black eye, and continuing pain in his left elbow for at least thirty days after the incident.

Defendants paint an entirely different scenario. They assert that during the course of the verbal dispute, plaintiff kicked at Officer Spielman. The officer managed to avoid contact and tried to grab hold of plaintiff by the arm. As he did so, plaintiff took off running. It had been raining that day, and plaintiff's shoes were wet and the floors were slippery. As plaintiff was running around a curve, he slipped and fell. According to defendants, that is all that occurred.

There clearly exists a genuine dispute of material fact on the issue of whether plaintiff was attacked and battered by the defendants or was the victim of a slip and fall accident of his own making. That dispute cannot be resolved on summary judgment. The only substantial question raised by defendants' motion is whether under *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir. 1998), plaintiff's injuries were *de minimis* and therefore an insufficient basis for an excessive force claim. I have reviewed the medical records, and conclude that a rational trier of fact could find that plaintiff's injuries were more than *de minimis*. These records reflect that when he was seen by a medical care provider on the day of the incident, plaintiff had "a small ecchymotic area under the right eye," swelling over the left elbow, and tenderness around his ribs, wrists, and elbow. The records also reflect that at the end of December plaintiff made another sick call visit, continuing to complain of pain in his elbow.[1]

I recognize that these injuries are not substantially more severe than those suffered by the plaintiff in *Taylor*. However, in *Taylor*, even under the plaintiff's version of the facts, he had engaged in conduct that prompted the use of responsive

---

1. *Taylor* might be read as establishing the premise that if there is a discrepancy between a prisoner's description of his injuries and what is contained in the medical records, the contents of the records must be accepted as true for summary judgment purposes. I doubt this is what the Fourth Circuit intended, since such a premise is suspect. Although admissible as an exception to the hearsay rule, medical records have no higher status than other evidence. Therefore, as a doctrinal matter, if a plaintiff testifies to greater injuries than those reflected in the medical records and his testimony is not contradicted by objective findings in the records, a genuine dispute of material fact would seem to exist. Further, it would seem that the law must entertain the possibility that health care providers in a prison setting might bring certain biases to their occupation, be they caused by continuous exposure to inmates who may overstate their maladies, the need to maintain good working relationships with correctional officers, pressures exerted and felt within the chain of command, or, where medical services are being provided by a private contractor, a conscious or subconscious motive not to create problems that might result in nonrenewal of the contract. In making these observations I do not intend to impugn the integrity of medical care providers or imply that the records they maintain are dishonest. All I am saying is that, despite a legitimate concern that judicial resources not be wasted in resolving frivolous prisoner cases, courts should be hesitant to adopt in such cases an *ad hoc* rule they would not apply in other contexts.

force. The Fourth Circuit found that his claimed injuries were no more serious than would have been caused by the use of the reasonable force he unquestionably provoked. Here, in contrast, if plaintiff's version of the facts is believed, the force used against him was entirely unprovoked, and he should have suffered no injuries whatsoever.

A separate order denying defendants' motion for summary judgment is being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herewith, it is, this 24th day of March 1999

ORDERED that defendants' motion for summary judgment be denied.